Michael J. Elmore
Wyoming State Bar No. 7-5665
Assistant United States Attorney
District of Wyoming
P.O. Box 668
Cheyenne, WY 82003
(307) 772-2124
michael.elmore@usdoj.gov

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | **Criminal No: 22-CR-91-SWS** |
| **ROBIN LYNN LEHAT,** | **Non-Public Document** |
| Defendant. | |

## GOVERNMENT'S UNOPPOSED MOTION FOR ORDER TO APPROVE THE PRETRIAL DIVERSION AGREEMENT

The United States of America, by and through Assistant United States Attorney, Michael J. Elmore, respectfully asks the Court to approve the Pretrial Diversion Agreement in this matter.

### I. Introduction

In an Indictment filed on July 20, 2022, the grand jury charged the Defendant, Robin Lynn Lehat, on two counts: Unlawful Possession and Transportation of Illegally Possessed Wildlife in violation of 16 U.S.C § § 3372(a)(1) and 3373(d)(1)(B) and 21 U.S.C. § 2, and Theft of Government Property in violation of 18 U.S.C. §§ 641 and 2. The Court ordered the Defendant released pending trial, subject to various conditions. (Doc. No. 14.) Trial was set for January 17, 2023, but the Court granted a motion to continue based on an anticipated agreement for pretrial diversion. (Doc. No. 37.)

##   II.        Pretrial Division Agreement

The parties have entered into a Pretrial Diversion Agreement. A copy of the Agreement, which was signed by the parties and the United States Probation Officer, has been filed for chambers review.

Pursuant to the Agreement, prosecution shall be deferred for a period of twelve (12) months. The Agreement provides that upon successful completion of the Defendant's diversion program, the charges pending against the Defendant in this matter will be dismissed. The Agreement sets forth various terms and conditions of pretrial diversion.

##   III.       Speedy Trial Consequences and Continuance

Pretrial diversion affects a defendant's statutory speedy-trial calculation. Absent excludable time, a defendant charged by indictment must be tried within seventy days of his initial appearance or the filing date of the indictment, whichever is later. See 18 U.S.C. § 3161(c)(1), (h). Section 3161(h)(2) excludes "[a]ny period of delay during which prosecution is deferred by the attorney for the Government pursuant to written agreement with the defendant, with the approval of the court for the purpose of allowing the defendant to demonstrate his good conduct. And more broadly, § 3161(h)(1) excludes "[a]ny period of delay resulting from other proceedings concerning the defendant, including but not limited to" various listed proceedings.

In this case, a further continuance would comply with the Defendant's statutory speedy-trial right. Now that the parties have entered an Agreement for Pretrial Diversion, assuming the Court approves the Agreement, a further continuance is appropriate under 18 U.S.C. § 3161(h)(2).

Therefore, the United States moves for an order approving the Pretrial Diversion Agreement and continuing the trial pursuant to 18 U.S.C. § 3161(h)(2). Because the Agreement

itself sets forth the conditions of the Defendant's pretrial diversion, the United States further moves for an order releasing the Defendant from the conditions of her pretrial release.

Dated this 7th day of February 2023.

                                NICHOLAS VASSALLO
                                United States Attorney

        By:       */s/ Michael J. Elmore*
                   MICHAEL J. ELMORE
                   Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

    I hereby certify that on this 7th day of February, 2023, the foregoing was electronically filed and consequently served on defense counsel.

                                                    */s/ Corine M. Aranda*
                                             For the United States Attorney's Office